REQUESTED BY: Senator John DeCamp Nebraska State Legislature 1116 State Capitol Lincoln, Nebraska 68509
Dear Senator DeCamp:
This is in response to your inquiry concerning LB 259 of the 1982 session which created the Bingo and Pickle Card Regulatory Commission. You indicate you are considering remedial legislation.
You ask:
 1. Without changing the Nebraska Statutes, can a license be granted to a group that currently has a valid bingo license even though they have not been in existence for five years, but were granted a license previously by the State Treasurer's Office?
 2. In Article III, Section 24 of the Nebraska State Constitution, is a nonprofit association the same thing as a nonprofit organization and if so, can the parent organization qualify for the group if it has been in existence for five years?
The answer to the first question is no. Section9-141(f) (Supp. 1983) requires that an organization listed as being qualified to obtain a bingo license must have been in existence for five years immediately preceding its application for a license.
This requirement of five years in existence has been in the statutes since 1978 and was not newly enacted in 1982 by LB 529. See, § 9-141(f) (Supp. 1982).
Therefore, any license granted previously by the State Treasurer's Office to a group not in existence for five years was not a valid license as assumed in your question. There is no legal doctrine to support a suggestion that an unauthorized issuance of a license in one year requires its reissuance. Even if the previous license had been valid, 9-141(4) (Supp. 1983) provides that each valid bingo license issued prior to August 26, 1983, shall terminate 30 days after August 26, 1983.
In answer to your second question, it does not appear to us that there is any legal distinction between the words `association' and `organization.' The parent organization may qualify in some cases but would be limited, the same as any single licensee.
The constitution requires that bingo games be `conducted
by nonprofit associations which have been in existence
for a period of five years immediately preceding the application for license.'
Assuming a parent organization which has been in existence for five years were granted a license, it would have to `conduct' the bingo games since it would be the licensee and its subchapters would not meet the five year requirement. There are other provisions of the statutes which it would have to comply with, the same as any single licensee. For example, § 9-144 provides in part: `No licensed organization may conduct a bingo occasion outside of the county in which the licensed organization has its principle office.' Under the foregoing section, a licensee is restricted to conducting bingo in one county only.
There are a number of other requirements contained in Article I, Section 9 (Supp. 1983) which bingo licensees are required to comply with. In addition, the commission is required to adopt and promulgate rules and regulations to carry out the act.
We cannot flatly say that all parent organizations in existence more than five years could not qualify and comply as a licensee under the act, but it would require careful attention to a number of statutes and regulations to lawfully use such license. Each such application would have to be examined as to its own individual make up to determine if it were qualified under the act.
You also state in your letter that you are troubled by senior citizens groups that can no longer play bingo if any members who play are under 62 years of age.
Section 9-141(g) (Supp. 1983) exempts certain senior citizens groups from meeting the requirements that other nonprofit organizations must meet to obtain a license; this subsection provides:
 None of the provisions of this section shall prohibit senior citizens groups from organizing and conducting bingo pursuant to the Nebraska Bingo and Pickle Card Regulatory Act when bingo is played only by members of the senior citizens groups conducting the bingo. For purposes of this section, senior citizens group shall mean any organization whose membership consists entirely
of persons who are at least sixty-two years old.
The last sentence of the foregoing subsection was added by the 1983 Legislature.
Hoping this will be of assistance to you we are,
Very truly yours, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General